IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    **SEALED INDICTMENT**

**MONIQUE SHEVETTE KIMBLE**
                                      /                 4:13cr3-RH

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

At all times material to this indictment:

1.      Defendant, **MONIQUE SHEVETTE KIMBLE**, was an owner and operator of Speedie Tax Service, LLC (STS), a tax return preparation business located in Tallahassee, Florida.

2.      A First Time Home Buyer Credit (FTHBC) and an Education Credit were available to be taken on individual tax returns for the calendar year 2008.  The 2008 FTHBC was equal to 10 percent of the purchase price of a home, with a maximum allowable credit of $7,500.  Taxpayers must have purchased their qualifying home after April 8, 2008, and before January 1, 2009, and may not have owned a home during the three years prior to the date of purchase.  The credit is repaid by the taxpayer in fifteen equal installments, interest free, beginning in the second year after claiming the credit. The Education Credit was for college expenses incurred during the year 2008.

3.     Defendant prepared and electronically filed, and caused to be prepared and electronically filed, United States Individual Tax Returns, Form 1040, with the Internal Revenue Service for the calendar year 2008, for customers of STS, which tax returns claimed false FTHBCs and Education Credits, resulting in a tax loss to the United States.

## COUNT ONE

On or about February 6, 2009, in the Northern District of Florida, the defendant,

## MONIQUE SHEVETTE KIMBLE,

a resident of Tallahassee, Florida, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a United States Individual Income Tax Return, Form 1040, for the calendar year 2008, which was filed with the Internal Revenue Service, and which said return was fraudulent and false as to a material matter, in that the return represented that L.G. was entitled under the provisions of the Internal Revenue laws to claim a FTHBC, and further an Education Credit, whereas, as the defendant then and there well knew and believed, L.G. did not qualify for a FTHBC or an Education Credit.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT TWO

On or about February 10, 2009, in the Northern District of Florida, the defendant,

## MONIQUE SHEVETTE KIMBLE,

a resident of Tallahassee, Florida, did willfully aid and assist in, procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a United States Individual Income Tax Return, Form

2

1040, for the calendar year 2008, which was filed with the Internal Revenue Service, and which said return was fraudulent and false as to a material matter, in that the return represented that R.P. was entitled under the provisions of the Internal Revenue laws to claim a FTHBC, and further an Education Credit, whereas, as the defendant then and there well knew and believed, R.P. did not qualify for a FTHBC or an Education Credit.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT THREE

On or about February 16, 2009, in the Northern District of Florida, the defendant,

### MONIQUE SHEVETTE KIMBLE,

a resident of Tallahassee, Florida, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a United States Individual Income Tax Return, Form 1040, for the calendar year 2008, which was filed with the Internal Revenue Service, and which said return was fraudulent and false as to a material matter in that the return represented that K.F. was entitled under the provisions of the Internal Revenue laws to claim a FTHBC, whereas, as the defendant then and there well knew and believed, K.F. did not qualify for a FTHBC.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT FOUR

On or about February 23, 2009, in the Northern District of Florida, the defendant,

### MONIQUE SHEVETTE KIMBLE,

a resident of Tallahassee, Florida, did willfully aid and assist in, procure, counsel, and

3

advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a United States Individual Income Tax Return, Form 1040, for the calendar year 2008, which was filed with the Internal Revenue Service, and which said return was fraudulent and false as to a material matter in that the return represented that A.B. was entitled under the provisions of the Internal Revenue laws to claim a FTHBC, whereas, as the defendant then and there well knew and believed, A.B. did not qualify for a FTHBC.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT FIVE

On or about April 8, 2009, in the Northern District of Florida, the defendant,

## MONIQUE SHEVETTE KIMBLE,

a resident of Tallahassee, Florida, did willfully aid and assist in, procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a United States Individual Income Tax Return, Form 1040, for the calendar year 2008, which was filed with the Internal Revenue Service, and which said return was fraudulent and false as to a material matter in that the return represented that B.C. was entitled under the provisions of the Internal Revenue laws to claim a FTHBC, and further an Education Credit, whereas, as the defendant then and there well knew and believed, B.C. did not qualify for a FTHBC or an Education Credit.

In violation of Title 26, United States Code, Section 7206(2).

4

## COUNT SIX

On or about April 13, 2009, in the Northern District of Florida, the defendant,

### MONIQUE SHEVETTE KIMBLE,

a resident of Tallahassee, Florida, did willfully aid and assist in, procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a United States Individual Income Tax Return, Form 1040, for the calendar year 2008, which was filed with the Internal Revenue Service, and which said return was fraudulent and false as to a material matter in that the return represented that A.M. was entitled under the provisions of the Internal Revenue laws to claim a FTHBC, whereas, as the defendant then and there well knew and believed, A.M. did not qualify for a FTHBC.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT SEVEN

On or about April 15, 2009, in the Northern District of Florida, the defendant,

### MONIQUE SHEVETTE KIMBLE,

a resident of Tallahassee, Florida, did willfully aid and assist in, procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a United States Individual Income Tax Return, Form 1040, for the calendar year 2008, which was filed with the Internal Revenue Service, and which said return was fraudulent and false as to a material matter in that the return represented that T.G. was entitled under the provisions of the Internal Revenue laws to claim a FTHBC, whereas, as the defendant then and there well knew and believed, T.G. did

5

not qualify for a FTHBC.

In violation of Title 26, United States Code, Section 7206(2).

### COUNT EIGHT

On or about April 15, 2009, in the Northern District of Florida, the defendant,

### MONIQUE SHEVETTE KIMBLE,

a resident of Tallahassee, Florida, did willfully aid and assist in, procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a United States Individual Income Tax Return, Form 1040, for the calendar year 2008, which was filed with the Internal Revenue Service, and which said return was fraudulent and false as to a material matter in that the return represented that S.H. was entitled under the provisions of the Internal Revenue laws to claim a FTHBC, whereas, as the defendant then and there well knew and believed, S.H. did not qualify for a FTHBC.

In violation of Title 26, United States Code, Section 7206(2).

### COUNT NINE

On or about April 19, 2009, in the Northern District of Florida, the defendant,

### MONIQUE SHEVETTE KIMBLE,

a resident of Tallahassee, Florida, did willfully aid and assist in, procure, counsel, and advise the preparation and presentation under, and in connection with a matter arising under, the internal revenue laws, of a United States Individual Income Tax Return, Form 1040, for the calendar year 2008, which was filed with the Internal Revenue Service, and which said return was fraudulent and false as to a material matter in that the return

represented that K.D. was entitled under the provisions of the Internal Revenue laws to claim a FTHBC, and further an Education Credit, whereas, as the defendant then and there well knew and believed, K.D. did not qualify for a FTHBC or an Education Credit.

In violation of Title 26, United States Code, Section 7206(2).

## COUNT TEN

On or about February 23, 2009, in the Northern District of Florida and elsewhere, the defendant,

## MONIQUE SHEVETTE KIMBLE,

did knowingly make and present to the Internal Revenue Service, an agency of the United States Department of the Treasury, a claim upon and against the United States of America, for federal tax refunds, by submitting a claim document thereto, entitled "1040 Individual Income Tax Return 2008" on behalf of K.C., knowing that the claim document was false, fictitious, and fraudulent in that:

1. Defendant falsely, fictitiously, and fraudulently stated material facts, on Line 7 of the aforesaid claim document, by listing Wages, Salaries, and Tips for taxpayer K.C. as $18,073.00, when in truth and fact and as the defendant then well knew, no such Wages, Salaries, and Tips had actually been earned by K.C.; and,

2. Defendant falsely, fictitiously, and fraudulently stated material facts, by submitting a fraudulent W-2 Statement from "Step One Temporary Agency" for K.C., listing wages of $18,073.00, when in truth and fact and as Defendant then well knew, K.C. had not been an employee of "Step One Temporary Agency," and had not received wages of $18,073.00 during 2008.

7

In violation of Title 18, United States Code, Section 287.

## COUNT ELEVEN

On or about April 13, 2009, in the Northern District of Florida and elsewhere, the defendant,

### MONIQUE SHEVETTE KIMBLE,

did knowingly make and present to the Internal Revenue Service, an agency of the United States Department of the Treasury, a claim upon and against the United States of America, for federal tax refunds, by submitting a claim document thereto, entitled "1040 Individual Income Tax Return 2008," on behalf of A.A., knowing that the claim document was false, fictitious and fraudulent in that:

1.      Defendant falsely, fictitiously, and fraudulently stated material facts, on Line 7 of the aforesaid claim document, by listing Wages, Salaries, and Tips for taxpayer A.A. as $18,855.00, when in truth and fact and as the defendant then well knew, no such Wages, Salaries, and Tips had actually been earned by A.A.; and,

2.      Defendant falsely, fictitiously, and fraudulently stated material facts, by submitting a fraudulent W-2 Statement from "Step One Temporary Agency" for A.A., listing wages of $18,855.00, when in truth and fact and as Defendant then well knew, A.A. had not been an employee of "Step One Temporary Agency" and had not received wages of $18,855.00 during 2008.

In violation of Title 18, United States Code, Section 287.

## COUNT TWELVE

On or about February 23, 2009, in the Northern District of Florida and elsewhere, the defendant,

### MONIQUE SHEVETTE KIMBLE,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to-wit: the name and social security identification number of K.C., with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of federal law, namely, a violation of Title 18 United States Code, Section 287.

In violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(1)(D).

## COUNT THIRTEEN

On or about April 13, 2009, in the Northern District of Florida and elsewhere, the defendant,

### MONIQUE SHEVETTE KIMBLE,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to-wit: the name and social security identification number of A.A., with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of federal law, namely, a violation of Title 18 United States Code, Section 287.

In violation of Title 18, United States Code, Sections 1028(a)(7) and 1028(b)(1)(D).

9

## CRIMINAL FORFEITURE

The allegations contained in Counts Twelve and Thirteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2).

From her engagement in the violations alleged in Counts Twelve and Thirteen of this Indictment, the defendant,

### MONIQUE SHEVETTE KIMBLE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all of the defendant's right, title, and interest in any property, real and personal, constituting, and derived from, proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

i.    cannot be located upon the exercise of due diligence;

ii.    has been transferred, sold to, or deposited with a third party;

iii.    has been placed beyond the jurisdiction of this Court;

iv.    has been substantially diminished in value; or

v.    has been commingled with other property that cannot be subdivided

without difficulty,

10

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

REDACTED

FOREPERSON

1/9/2013

DATE

_PAMELA C. MARSH_
PAMELA C. MARSH
United States Attorney

_ERIC K. MOUNTIN_
ERIC K. MOUNTIN
Assistant United States Attorney